IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   1:19-cv-02329

JOHN E. ATOR,

    Plaintiff,

v.

PERFORMANT RECOVERY, INC.,

    Defendant.

**COMPLAINT FOR RELIEF PURSUANT TO
THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW comes JOHN E. ATOR ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of PERFORMANT RECOVERY, INC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Plaintiff resides within the District of Colorado and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Colorado.

## PARTIES

4. Plaintiff is a consumer, over 18 years-of-age, residing in New Castle, Colorado, which lies within the District of Colorado.

5. Defendant is a collection agency that "...recover debt using proven inventory management, outreach and communication…."[1] Defendant's principal place of business is located at 333 North Canyons Parkway, Suite 100, Livermore, California.  Its registered agent in Colorado is The Corporation Company, 7700 E. Arapahoe Road, Suite 220, Centennial, Colorado.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. Several years ago Plaintiff obtained a student loan ("subject consumer debt") for personal, educational purposes.  Plaintiff allegedly defaulted in making full payment on the subject consumer debt causing it to go into collections.

8. The subject consumer debt was transferred to Defendant for debt collection activity following Plaintiff's alleged default.

9. On or around July 26, 2019, Plaintiff received an unsolicited phone call from Defendant to his cellular phone, (970) XXX-9106.

10. During this call Plaintiff told Defendant not to contact him further.

11. Despite Plaintiff's demand Defendant has continued to place unwanted phone calls to his cellular phone for the purpose of debt collection on the subject consumer debt.

---

[1] https://www.performantcorp.com/solutions/recovery/default.aspx

12. At all times relevant to the instant action Plaintiff was the sole owner and operator of the cellular phone ending in 9106.

13. The phone number that Defendant has used to call Plaintiff's cellular phone is (541) 955-7800.

14. The above is a phone number is utilized by Defendant to contact consumers during its debt collection activity.

15. Plaintiff has received approximately seven phone calls from Defendant since asking it to stop calling, which are continuing through the filing of the instant action.

16. Frustrated over Defendant's continued conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenditure of assets.

17. Plaintiff has been unfairly harassed by Defendant's actions.

18. Plaintiff has suffered concrete harm as a result of Defendant's actions.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though full set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

21. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

22. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant is member of the Association of Credit and Collection Professionals.[2]

---

[2] http://www.acainternational.org/search#memberdirectory

23. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a.  **Violations of the FDCPA, §1692c(a)(1) and §1692d**

24. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

25. Defendant violated §1692c(a)(1), d and d(5) when it continuously called Plaintiff after being notified to stop.  This repeated behavior naturally harassed Plaintiff.  He demanded not to be contacted further.  Defendant ignored this plea and continued to call Plaintiff knowing it would be inconvenient and harassing him.

    b.  **Violations of the FDCPA, §1692f**

26. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."  Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject consumer debt by continuously calling Plaintiff after being notified to stop.

27. As pled in paragraphs 15 through 18, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff JOHN E. ATOR, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

    e. Enjoining Defendant from further contacting Plaintiff regarding the subject consumer debt; and

    f. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: August 15, 2019                                         Respectfully submitted,

s/ Nathan C. Volheim                                           s/Taxiarchis Hatzidimitriadis
***Nathan C. Volheim***                                        ***Taxiarchis Hatzidimitriadis***
Sulaiman Law Group, Ltd.                                       Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                            2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                        Lombard, Illinois 60148
(630) 568-3056 (phone)                                         (630) 581-5858 (phone)
nvolheim@sulaimanlaw.com                                       thatz@sulaimanlaw.com
Attorney for Plaintiff                                         Attorney for Plaintiff