# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:19-cv-02329-SKC

John E. Ator,

Plaintiff,

v.

Performant Recovery, Inc.,

Defendant.

## DEFENDANT PERFORMANT RECOVERY, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant, Performant Recovery Inc. (hereinafter "Defendant") by and through its undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff's Complaint ("Plaintiff's Complaint") states the following:

## NATURE OF ACTION

1. Defendant admits that this Complaint alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") but denies any such violation has occurred, or that Plaintiff has any right to relief herein.

## JURISDICTION AND VENUE

2. Defendant admits that generally, jurisdiction of this Court is appropriate pursuant to 28 U.S.C. § 1331 and 1337, and 15 U.S.C. § 1692 but denies that Plaintiff has any right to relief herein.

3. Defendant admits venue is proper.

## PARTIES

4. Whether Plaintiff is a "consumer" calls for a legal conclusion. To the extent a response is required, Defendant lacks sufficient knowledge or information to admit or deny that allegation contained in Paragraph No. 4 and accordingly denies the same at the present time. Defendant lacks sufficient knowledge or information to admit or deny the allegations relating to Plaintiff's age and place of residence, and accordingly denies the same at the present time.

5. Defendant admits the allegations contained in Paragraph No. 5 of Plaintiff's Complaint.

6. Defendant admits the allegations contained in Paragraph No. 6 of Plaintiff's Complaint.

7. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph No. 7 of Plaintiff's Complaint and therefore, Defendant denies the same at the present time.

8. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph No. 8 of Plaintiff's Complaint and therefore, Defendant denies the same at the present time.

9. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph No. 9 of Plaintiff's Complaint and therefore, Defendant denies the same at the present time.

10. Defendant denies the allegations contained in Paragraph No. 10 of Plaintiff's Complaint.

11. Defendant denies the allegations contained in Paragraph No. 11 of Plaintiff's Complaint.

12. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph No. 12 of Plaintiff's Complaint and therefore, Defendant denies the same at the present time.

13. Defendant admits that it has used the phone number (541) 955-7800 to call Plaintiff.

14. Defendant admits that it has utilized the phone number (541) 955-7800 to contact consumers relating to debt collection activity. Defendant denies the remaining allegations contained in Paragraph No. 14 of the Complaint.

15. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph No. 15 of Plaintiff's Complaint, and therefore, Defendant denies the same at the present time.

16. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph No. 16 of Plaintiff's Complaint, and therefore, Defendant denies the same at the present time.

17. Defendant denies the allegations contained in Paragraph No. 17 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in Paragraph No. 18 of Plaintiff's Complaint.

# COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant reincorporates and re-alleges its responses to Paragraphs 1 through 18 of Plaintiff's Complaint above, as though fully set forth herein.

20. The allegations contained in Paragraph No. 20 of Plaintiff's Complaint call for a legal conclusion and/or legal interpretation to which no response is required from Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph No. 20 of Plaintiff's Complaint to the extent the statements contained therein are inconsistent with the FDCPA.

21. The allegations contained in Paragraph No. 21 of Plaintiff's Complaint call for a legal conclusion and/or legal interpretation to which no response is required from Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph No. 21 of Plaintiff's Complaint to the extent the statements contained therein are inconsistent with the FDCPA.

22. Defendant admits the allegations contained in Paragraph 22 of Plaintiff's Complaint. The website cited to by Plaintiff speaks for itself.

23. Whether such account constitutes a "debt" as defined by the FDCPA depends on the nature of the account and calls for a legal conclusion. Accordingly, Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph No. 23 of Plaintiff's Complaint and therefore denies the same at the present time.

24. The allegations contained in Paragraph No. 24 of Plaintiff's Complaint call for a legal conclusion and/or legal interpretation to which no response is required from Defendant. To

the extent a response is required, Defendant denies the allegations contained in Paragraph No. 24 of Plaintiff's Complaint to the extent the statements contained therein are inconsistent with the FDCPA or applicable case law.

25. Defendant denies the allegations contained in Paragraph No. 25 of Plaintiff's Complaint.

26. The allegations contained in Paragraph No. 26 of Plaintiff's Complaint call for a legal conclusion and/or legal interpretation to which no response is required from Defendant. To the extent a response is required, Defendant denies the allegations contained in Paragraph No. 26 of Plaintiff's Complaint to the extent the statements contained therein are inconsistent with the FDCPA or applicable case law.

27. Defendant denies the allegations contained in Paragraph No. 27 of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Plaintiff has not suffered any damages.

3. To the extent that Plaintiff has suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages.

4. Any loss suffered by Plaintiff was directly or proximately caused by conduct, acts, omissions, carelessness, recklessness, negligence or intentional misconduct of others and not Defendant.

5. Any loss suffered by Plaintiff was directly and proximately caused by conduct, acts, omissions, carelessness, recklessness, negligence of Plaintiff.

6. Plaintiff is not entitled to declaratory relief under the FDCPA.

7. Plaintiff is not entitled to injunctive relief under the FDCPA.

8. Defendant reserves the right to add additional defenses and amend this Answer based upon defenses that are presently unknown to it but may become known during the course of discovery.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, for its attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

Respectfully Submitted,

**LASZLOLAW**

s/ Michael J. Laszlo
Michael J. Laszlo
Adam L. Plotkin
Veronica L. Vecchio
2595 Canyon Blvd. Suite 210
Boulder, CO 80302
(303) 926-0410 (phone)
(303) 443-0758 (fax)
Email: mlaszlo@laszlolaw.com

*Attorneys for Performant Recovery, Inc.*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 6th day of September, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to Nathan C. Volheim and Taxiacrchis Hatzidimitriadis at nvolheim@sulaimanlaw.com and thatz@sulaimanlaw.com counsel for Plaintiff.

                By: <u>s/ Michael J. Laszlo</u>
                    Attorney for Defendant