**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:19-cv-02329-SKC

John E. Ator,

Plaintiff,

v.

Performant Recovery, Inc.,

Defendant.

## STIPULATED PROTECTIVE ORDER

WHEREAS, the parties have, through counsel, stipulated to the entry of a Protective Order to prevent the unnecessary dissemination or disclosure of certain documents, transcripts, records, and other things that constitute or contain confidential or protected information within the meaning of Federal Rule of Civil Procedure 26(c); and

WHEREAS, the parties have stipulated that good cause exists for the entry of a Protective Order in accordance with Rule 26(c) to protect against improper disclosure of confidential information produced or disclosed in this litigation;

IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL AND ORDER OF THE COURT, as follows:

1. **Definitions**. As used in this Stipulated Protective Order, these terms have the following meanings:

    a. "Confidential Information" means information designated in accordance with Paragraph 2;

    b.    "Confidential – Attorneys' Eyes Only Information" is the subset of Confidential Information designated in accordance with Paragraph 5;

    c.    "Material(s)" includes all documents, transcripts, records and things (in oral, written or electronic forms) within the scope of Federal Rule of Civil Procedure 34 and discovery in this litigation, including, without limitation, all testimony adduced at depositions, all documents or things responsive to requests for the production of documents and things, all answers to interrogatories, all responses to requests for admissions, and all other discovery requests taken in accordance with the Federal Rules of Civil Procedure, as well as hearing and trial transcripts, matters in evidence, and any other information furnished, directly or indirectly, by or on behalf of any party to this litigation or any third party;

    d.    "Written Assurance" means an executed document in the form attached as Exhibit A.

    e.    "Party" and "Parties" means named parties John E. Ator and Performant Recovery, Inc.

    f.    "Non-Party" or "Non-Parties" means individuals or entities who are not named parties in this case and from whom discovery is sought, either formally or informally, by a Party in this case

    g.    "Requesting Party" means the party that seeks the disclosure of Confidential Information.

    h.  "Producing Party" means the party that owns or otherwise controls the Confidential Information requested by the requesting party.

  2. **"Confidential Information."**  A Party or Non-Party may designate any material "CONFIDENTIAL" for protection under this Protective Order where that material constitutes or discloses "Confidential Information."  "Confidential Information" comprises information that the Producing Party or Non-Party in good faith contends to constitute or contain information that is (a) confidential, sensitive, competitive, or potentially invasive of an individual's privacy interests; (b) not generally known in the context or form as known by the producing party; and (c) not normally revealed to the public or third parties or, if disclosed to third parties, is such that the Producing Party would require such third parties to maintain the information in confidence. "Confidential Information" includes, but is not limited to, confidential research, development, technical, or commercial information, as well as other such information that the Requesting Party and Non-Parties would not have access to but for this litigation.

  3. **Use of Confidential Information**.  All materials containing Confidential Information shall be used solely for the purpose of this litigation, including any appeal, unless otherwise agreed to, in writing, by the Producing Party, or as directed by a court of competent jurisdiction.  Prohibited purposes include, but are not limited to, use of Confidential Information for competitive purposes.

  4. **Access to Confidential Information**.  Access to any Confidential Information shall be limited to the following, except upon receipt of prior written consent of the designating party or upon order of the Court:

a. This Court, its officers (including the jury) and supporting personnel, and any appellate court to which an appeal may be taken or in which review is sought, and its officers and supporting personnel;

b. Special masters, mediators, or other third parties retained by the parties for settlement purposes or resolution of discovery disputes;

c. Outside counsel of record and their associates, legal assistants, investigators, and stenographic and clerical employees, so long as their duties and responsibilities require access to Confidential Information.

d. Employees, officers, directors, or representatives for each party, so long as their duties and responsibilities require access to the Confidential Information.

e. Court reporters retained to transcribe testimony in this litigation;

f. Outside experts and consultants retained by at least one party for purposes of this litigation, including their support, administrative and clerical staff, to the extent necessary to assist the party in this litigation;

g. Jury consultants and other litigation vendors retained by a party for purposes of this litigation (including, but not limited to, mock jurors and outside photocopy, imaging, database, graphics, translation and design services), including their support, administrative, and clerical staff, to the extent necessary to assist the party in this litigation;

h. Witnesses of whom deposition or trial testimony is being taken, so long as (1) the witness is any of the following: (a) a present director, officer,

employee or contractor of the producing party; (b) an author, addressee, or other person indicated as a recipient of a document containing the information; (c) an independent advisor, consultant or expert otherwise qualified under this Protective Order to receive such information; or (d) a Rule 30(b)(6) designee of the producing party; (2) at the request of any party, the portion of the transcript involving the Confidential Information shall be designated "CONFIDENTIAL"; and (3) the witness shall not be allowed to retain a copy of the Confidential Information; and

    i.    Any person for whom prior authorization is obtained from the Producing Party or the Court.

5. **"Confidential - Attorneys' Eyes Only Information."** The parties shall have the right to further designate any material or portions of materials as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" where that material constitutes or discloses "Confidential - Attorneys' Eyes Only Information." "Confidential - Attorneys' Eyes Only Information" includes (a) highly sensitive information relating to the development of products, including computer code and internal product specifications; (b) highly sensitive current or future business or marketing plans; (c) highly sensitive financial information or forecasts, customer lists, pricing data, cost data, customer orders, or customer quotations; (d) pending or abandoned patent applications, foreign or domestic, unless published or otherwise publicly available; (e) computer code, including source code, object code, executable code, hardware description language (HDL) code, software files, or other related files (which shall be subject to the additional protections provided in Paragraph 8); and (f) any other documents, information, or materials that relate to

proprietary information that the Producing Party reasonably believes is of such nature and character that the unauthorized disclosure of such information could irreparably injure the Producing Party.  Disclosure of "Confidential - Attorneys' Eyes Only Information" shall be limited to the persons designated in Paragraphs 4.a., 4.b., 4.c., 4.e., 4.f., 4.g., 4.h, and 4.i.

6. **Third Party Materials.**  Non-Parties producing materials in the course of this litigation may also designate such materials as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," subject to the same protections and constraints as the parties to the litigation.  <u>A copy of this Protective Order shall be served along with any subpoena served in connection with this litigation</u>.  All materials produced by such Non-Parties shall be treated as "Confidential - Attorneys' Eyes Only Information" for a period of 10 business days from the date of their production to any of the parties in this litigation, regardless of the designation on those materials by the third party, so that the parties have sufficient time to review the material to determine whether to assert that the materials contain Confidential Information of a party.

7. **Effect of Designation.**  The designation of information as "CONFIDENTIAL" and/or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall constitute a representation that an attorney believes that there is a valid basis for such designation.  The designation or failure to designate information as "CONFIDENTIAL" and/or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" may not, however, be used against the Producing Party as an admission or concession that the designated information is or is not, in fact, confidential, proprietary, a trade secret, or otherwise sensitive.

8. **Handling of Confidential Materials.**  Any person in possession of materials that have been designated as "CONFIDENTIAL" and "CONFIDENTIAL - ATTORNEYS' EYES

ONLY" shall exercise reasonable and appropriate care with regard to the storage, custody, or use of such materials to ensure that their confidential nature is maintained.  No person receiving such materials shall, directly or indirectly, transfer, disclose, or communicate in any way the materials or the contents or information of the materials to any person other than those specified in Paragraph 4, and only as specified in this Stipulated Protective Order.

9. **"Written Assurance."**  Each outside expert and consultant appropriately designated in accordance with Paragraph 4.f. to receive Confidential Information shall execute a "Written Assurance" in the form attached as Exhibit A.  Counsel of record for any party receiving Confidential Information shall provide a copy of the "Written Assurances" to the counsel of record for all parties at least 10 business days before it first discloses Confidential Information to any such person.  Such notice shall provide a reasonable description of the person to whom disclosure is sought sufficient to permit the Producing Party to object to the disclosure.  If the Producing Party, based upon a good-faith basis, objects in writing to such disclosure within 10 business days, no disclosure shall be made until the Producing Party withdraws its objection or the Court overrules the objection.  If the objection to a disclosure or delay associated with resolving the objection impedes a party from meeting any of the deadlines set by the Court related to timing of discovery related to infringement and/or validity after it receives notice of the intended disclosure, and the party informs the objecting party of the fact, then the parties agree to work together in good faith to request adjustment of any such deadline.

10. **Use of Confidential Information at Deposition.**  All depositions or portions of depositions taken in this litigation that contain trade secret or other confidential information may be designated "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS' EYES ONLY" and

thereby obtain the protections accorded other "Confidential Information," "Confidential - Attorneys' Eyes Only Information." Confidentiality designations for depositions shall be made either on the record or by written notice to all other parties within 10 business days of receipt of the final transcript. Unless otherwise agreed, depositions shall be treated as "Confidential - Attorneys' Eyes Only Information" during the 10 business day period following receipt of the final transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential Information shall be taken only in the presence of persons who are qualified to have access to such information.

11. **Inadvertent Failure to Properly Designate Documents.** Any party that inadvertently fails to identify materials as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall have 10 business days from the discovery of such oversight to correct its failure. Such failure shall be corrected by providing written notice of the error to the receiving party and substituted copies of the inadvertently produced documents. Any party receiving such inadvertently unmarked materials shall make reasonable efforts to retrieve materials distributed to persons not entitled to receive materials with the corrected designation.

12. **Filing Confidential Information with the Court.** Without written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, no person shall file in the public record in this action any Confidential Information with the Court. A party that seeks to file under restriction any Confidential Information must comply with D.C.COLO.L.Civ.R. 7.2 and 7.3.

13. **Challenges to Designation.** Any party may request a change in the designation of any information designated "CONFIDENTIAL," or "CONFIDENTIAL-ATTORNEYS'

EYES ONLY." Such a request must be in writing and must provide the basis for the request. The parties shall meet and confer on any such request, and if agreement is not reached within 15 business days after the request is made, the request shall be deemed conceded and the material shall be de-designated in accordance with the request *unless* the designating party files a motion with the Court to uphold the designation. Upon the filing of a timely motion, the designated material shall retain its designation pending an order from the Court or further agreement of the parties. The designating party shall have the burden of proving that the information in question is within the scope of protection afforded by Federal Rule of Civil Procedure 26(c).

14. **Use of Independently-Obtained, Unrestricted, Public, or Produced Information.** This Stipulated Protective Order shall not impose any restrictions on (a) the use or disclosure by a party of information or material properly obtained by the party independent of discovery in this litigation (even if such material is also obtained through discovery in this litigation), or (b) a party from disclosing its own confidential information as it deems appropriate. This Stipulated Protective Order also shall not apply to information that (a) was properly known to the Requesting Party before it was disclosed in this litigation, (b) is or became part of the public knowledge through no breach of the provisions of this Stipulated Protective Order, (c) is independently developed by the Requesting Party without access to the Confidential Information, or (d) is disclosed to the Requesting Party by a third party without restriction as to the disclosure, so long as the third party has the right to disclose the information to the Requesting Party.

15. **Return or Destruction Upon Termination of Litigation.** Upon the termination of this litigation, including any appeals, all documents and other materials designated by a

Producing Party as "CONFIDENTIAL," or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" including all copies of such materials, shall be returned to the Producing Party or destroyed. Each party's outside counsel's law firms, however, may retain archival copies of all attorney work product, correspondence, expert reports, deposition and trial transcripts and exhibits, papers filed with the Court (including exhibits), and discovery responses (but not document production) exchanged by the parties. Any materials designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" included in the archival copy shall remain subject to the provisions of this Order. All parties shall certify compliance with this paragraph in writing within 90 days of the termination of the litigation and a request for certification by the other party.

16. **Modification of the Stipulated Protective Order.** Any party may apply to the Court for a modification of this Stipulated Protective Order, and nothing in this Stipulated Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality, as may be appropriate.

17. **No waiver of claim or defense.** No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the litigation or of any position as to discoverability or admissibility of evidence.

18. **Subpoena or Court Order.** If a Requesting Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated by a Producing Party in this action as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," (i.e., the subpoena is not limited to the requesting party's Confidential Information or Confidential - Attorneys' Eyes Only Information), then no more than 10 business

days after receiving the subpoena or order, the Requesting Party must (1) notify the Producing Party, in writing (by fax and email) of the subpoena or order, and include a copy of the subpoena or order with the notification; (2) inform the party that caused the subpoena or order to issue, in writing, that some or all of the materials covered by the subpoena or order are subject to this Stipulated Protective Order; and (3) deliver a copy of this Stipulated Protective Order to the party that caused the subpoena or order to issue.  The purpose of these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Producing Party an opportunity to seek protection for its Confidential Information in the court from which the subpoena or order issued.  The Producing Party shall bear the burden and expense of seeking protection in that court.  Nothing in this provision should be construed as authorizing or encouraging a Requesting Party to disobey a lawful directive from another court.

19. **Survival of Litigation.**  The obligations imposed by this Protective Order shall survive the termination of this litigation.

IT IS SO ORDERED:

Date: _____

_____
S. Kato Crews, Magistrate Judge
United States District Court

## EXHIBIT A

## WRITTEN ASSURANCE

_____ declares that:

I reside at _____in the city of_____, county _____, state of _____.

I am currently employed by _____located at and my current job title is _____.

I have read and believe I understand the terms of the Stipulated Protective Order filed in Civil Action No. 1:19-cv-02329-SKC, pending in the United States District Court for the District of Colorado. I agree to comply with and be bound by the provisions of the Stipulated Protective Order. I understand that any violation of the Stipulated Protective Order may subject me to sanctions by the Court, civil liability, criminal liability, or any combination of the above. I submit myself to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I shall not divulge any materials, or copies of materials, designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" obtained in accordance with the Stipulated Protective Order, or the contents of such materials, to any person other than those specifically authorized by the Stipulated Protective Order. I shall not copy or use such materials except for the purposes of this litigation and in accordance with the terms of the Stipulated Protective Order. As soon as practical, but no later than 30 days after final termination of this litigation, I shall return to the attorney from whom I have received any materials in my possession designated

"CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such materials.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____    _____
               Date                          Signature