**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02329-SKC

JOHN E. ATOR,

      Plaintiff,

v.

PERFORMANT RECOVERY, INC.,

      Defendant.

---

## ~~PROPOSED~~ SCHEDULING ORDER

---

### 1.  DATE OF CONFERENCE AND APPEARANCE OF COUNSEL

The Scheduling Conference is scheduled for November 6, 2019 at 10:00 a.m.

**Appearing for Plaintiff, John E. Ator:** Nathan C. Volheim, Sulaiman Law Group, Ltd.

2500 South Highland Ave., Suite 200 Lombard, Illinois 60148, Telephone (630) 568-3056.

Please note:  Counsel for Plaintiff respectfully requests to appear at the Scheduling Conference

telephonically.

**Appearing for Defendant, Performant Recovery, Inc: Veronica L. Vecchio,**

LaszloLaw, 2595 Canyon Blvd. Ste. 210 Boulder, CO 80302, Telephone: (303) 926-0410.

### 2.  STATEMENT OF JURISDICTION

This court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because

Plaintiff's claims were brought under a federal statute, the Fair Debt Collection Practices Act, 15

U.S.C. §1692 (the "FDCPA").  This court has personal jurisdiction over this matter because

Plaintiff is a resident of Colorado, and Defendant conducts business within the state of Colorado, and a significant amount of the underlying events alleged in the Complaint occurred within Colorado.

## 3.   STATEMENT OF CLAIMS AND DEFENSES

**a.   Plaintiff's statement**:

Plaintiff's Complaint (Dkt. 1) alleges that Defendant violated the FDCPA by engaging in impermissible collection activity towards Plaintiff.

**b.   Defendant's statement:**

Defendant, Performant Recovery, Inc. denies violating the FDCPA in any way in this matter.

## 4.   UNDISPUTED FACTS

The following facts are undisputed:

a.   The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

b.   Venue is proper in the District of Colorado.

c.   Defendant is a debt collector as defined by §1692a(6) of the FDCPA.

## 5.   COMPUTATION OF DAMAGES

Plaintiff seeks statutory damages of $1,000 under the FDCPA.  Additionally she seeks payment of her actual damages and reasonable attorney fees and costs, in amounts to be determined.

Defendant does not assert damages at this time, but reserves the right to seek its costs and attorneys' fees as appropriate.

## 6.   REPORT OF PRE-CONFERENCE DISCOVERY &

## MEETING UNDER Fed. R. Civ. P. 26(f)

**a.  Date of Rule 26(f) Meeting:** October 22, 2019.

**b.  Names of each participant and each party represented:**

Counsel for Plaintiff: Nathan C. Volheim, Sulaiman Law Group, Ltd.

Counsel for Defendant: Veronica L. Vecchio, LaszloLaw

**c.  Statement as to when Rule 26(a)(1) disclosures were made or will be made:**

Disclosures will be made by November 4, 2019.

**d.  Proposed changes, if any, in timing or requirement of disclosures under Fed.R.Civ.P. 26(a)(1).**

The parties do not propose any changes to the timing or requirement of disclosures at this

time.

**e.  Statement concerning any agreements to conduct informal discovery:**

The parties have not agreed to make any documents available without the need for a

formal request for production at this time.

**f.  Statement concerning any other agreements or proposals to reduce discovery and other litigation costs:**

The parties agree to use consecutive deposition exhibit numbers and to use those same

deposition exhibit numbers as trial exhibit numbers.

**g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:  The parties do not believe a substantial amount of disclosure or discovery will involve ESI.  As an initial matter, the parties expect to exchange all relevant documents in hard copy or Portable Document Format (PDF) where applicable.  If a party requests native format then the parties will reasonably work together, meet-and-confer and make every effort to resolve any potential disputes without the need for Court intervention.

**h.   Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties have discussed the possibility of settlement.  Plaintiff has tendered a settlement demand to Defendant.  The parties will continue their informal settlement discussions through counsel.

## 7.   CONSENT

All parties have consented to the exercise of jurisdiction of a U.S. Magistrate Judge.

## 8.   DISCOVERY LIMITATIONS

**a.   Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

The parties agree to limit the number of depositions to two (2) depositions for each side including experts.

**b.   Limitations which any party proposes on the length of depositions.**

Depositions are to be limited to seven (7) hours per deposition.

**c.  Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The parties will each be allowed twenty-five (25) requests for production and twenty-five (25) requests for admission.

**d.  Other Planning or Discovery Orders**

The parties will also seek entry of a stipulated protective order.

## 9.  CASE PLAN AND SCHEDULE

**a.  Deadline to Amend Pleadings**

December 27, 2019.

**b.  Discovery Cut-off**

May 13, 2020.

**c.  Dispositive Motion Deadline**

June 15, 2020.

**d.  Expert Witness Disclosure**

1,      The parties shall identify anticipated fields of expert testimony, if any.

The parties do not anticipate the need for expert witnesses at this time.

2.      Limitations which the parties propose on the use or number of expert witnesses.

The parties propose to limit the number of expert witnesses to two per side, including rebuttal experts.

3.      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

January 15, 2020.

4.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro

se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

February 21, 2020.

### e.   Identification of Persons to Be Deposed

Plaintiffs: Corporate representative of Defendant, any person identified in Defendant's Rule

26(a)(1) Initial Disclosures.

Defendant: Plaintiff, any person disclosed in Plaintiff's Rule 26(a)(1) Initial Disclosures and

persons disclosed through the course of discovery or further investigation.

### f.   Deadlines for Interrogatories

Interrogatories will be served at least 30 days before the close of fact discovery.

### g.   Deadline for Requests for Production and Admissions

Requests for Production and Admissions will be served at least 30 days before the close

of fact discovery.

## 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a.      Status conferences will be held in this case at the following dates and times:

 **Joint Status Report Due January 17, 2020**                          .

b.      A final pretrial conference will be held in this case on **August 20, 2020 at 2:00 p.m.**  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING ISSUES

a. Identify those discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement

None.

b. Anticipated length of trial and whether trial is to the court or jury.

The parties anticipate the trial will be completed in 1-2 days before a jury. **A 2-day jury trial is set to commence on October 5, 2020 at 8:30 a.m.**

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facility at 212 N. Watsatch Street, Colorado Springs, Colorado.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c). by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the U.S. Magistrate Judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the U.S. Magistrate Judge assigned to this case.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this 6th day of November, 2019.

BY THE COURT:

_s/ S. Kato Crews_
Hon. S. Kato Crews
Magistrate Judge
United States District Court

*/s/ Nathan C. Volheim*         _s/ Veronica L. Vecchio_
Nathan C. Volheim         Michael J. Laszlo, Esq.
Sulaiman Law Group, Ltd.         Veronica L. Vecchio, Esq.
2500 South Highland Ave., Suite 200         Laszlo & Associates, LLC
Lombard, Illinois 60148         2595 Canyon Blvd. Suite 210
Telephone: (630) 568-3056         Boulder, CO 80302
nvolheim@sulaimanlaw.com         (303) 926-0410 (phone)
*Attorney for Plaintiff*         vecchio@laszlolaw.com
       Attorney for Defendant,